IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:22-CT-3201-FL

| | | |
|---|---|---|
| TERRY F. THOMPSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| JAMIE E. HOLMES and DAMIEN EDWARDS, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on plaintiff's motions for entry of default (DE 17, 21), and defendant Damien Edwards' motion to deem answer timely filed (DE 20). The issues raised are ripe for ruling.

Plaintiff, a state inmate proceeding pro se, commenced this action by filing complaint on June 23, 2022, asserting civil rights claim pursuant to 42 U.S.C. § 1983 and a battery claim under North Carolina law. Plaintiff asserts he completed service of process as to both defendants on August 29, 2022. (DE 17 ¶¶ 3–4 & exhibits thereto). Defendants did not respond to the complaint within 21 days of August 29. See Fed. R. Civ. P. 12(a). Accordingly, plaintiff filed the instant motion for entry of default as to both defendants.[1] Defendant Edwards, however, subsequently answered the complaint and filed the instant motion to deem his answer timely filed. Plaintiff did not respond to defendant Edwards' motion. As of the date hereof, defendant Holmes has not responded to the complaint or to the motion for entry of default.

---

[1] The court observes that Local Civil Rule 10.1 requires in pertinent part that all pleadings, motions, memoranda, and other papers filed with the clerk of court be "double spaced." Neither the complaint nor plaintiff's motion for entry of default complies with this requirement. Counsel must follow this rule in future filings.

Where plaintiff did not respond to defendant Edwards's motion to deem his answer timely filed, said motion is granted and defendant Edwards' November 4, 2022, answer is deemed timely pursuant to Federal Rules of Civil Procedure 12(a) and 6(b). Plaintiff's motion for entry of default as to defendant Edwards therefore is denied as moot. See Fed. R. Civ. P. 55(a).

Turning to the motion for entry of default as to defendant Holmes, 42 U.S.C. § 1997e(g) provides that:

> "[a]ny defendant may waive the right to reply to any action brought by a prisoner confined in any jail, prison, or other correctional facility under section 1983 of this title or any other Federal law. Notwithstanding any other law or rule of procedure, such waiver shall not constitute an admission of the allegations contained in the complaint. No relief shall be granted to the plaintiff unless a reply has been filed.

The court, however, may require a defendant to respond "if it finds that the plaintiff has a reasonable opportunity to prevail on the merits." Id. § 1997e(g)(2). Thus, "defendants do not have to respond to a complaint covered by the [Prison Litigation Reform Act] until required to do so by the court, and waiving the right to reply does not constitute an admission of the allegations in the complaint." Jones v. Bock, 549 U.S. 199, 213–14 (2007). Where the court has not directed defendant Holmes to respond to the complaint following his waiver, and plaintiff's instant motion for entry of default does not address § 1997e(g), the motion is denied. Any future motions concerning defendant Holmes's alleged default must address the court's authority to enter default or default judgment in light of § 1997e(g), and whether the court should direct defendant Holmes to answer based on plaintiff showing a reasonable probability to prevail on the merits.[2]

The court observes that defendant Edwards's counsel has indicated that the North Carolina

---

[2] Plaintiff's counsel contacted the clerk's office to inquire why his motion for entry of default was not referred to the clerk of court as opposed to the undersigned. The court did not direct referral to the clerk due to § 1997e(g), which arguably overrides Rule 55 and any local rule of this court.

Department of Justice attempted to contact defendant Holmes to determine whether he would request a defense under North Carolina's Defense of State Employees Act ("DSEA"), although the attempt was unsuccessful. (DE 20 ¶ 6 & n.2). The United States Court of Appeals for the Fourth Circuit repeatedly has "expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on the merits." Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc., 616 F.3d 413, 417 (4th Cir. 2010). Consistent with this principle, the court will direct counsel to make one more attempt to contact defendant Holmes and determine whether he will request a defense. Plaintiff shall desist from filing additional motions seeking entry of default or default judgment until after the court receives counsel's response to this order. In addition, the court stays discovery planning conference pursuant to Federal Rule of Civil Procedure 26(f) pending this one final attempt to bring defendant Holmes into the case.[3]

Based on the foregoing, plaintiff's motions for entry of default (DE 17, 21) are DENIED with prejudice as to defendant Edwards and without prejudice as to defendant Holmes. Defendant Edwards' motion to deem answer timely filed (DE 20) is GRANTED. Counsel for defendant Edwards is DIRECTED to make one more attempt to contact defendant Holmes to determine whether he will request a defense under the DSEA, and to file notice explaining whether the attempt was successful and if so defendant Holmes's response within **30 days** of entry of this order. Plaintiff may file renewed motion for entry of default addressing the issues set forth above in the event counsel cannot contact defendant Holmes, or if defendant Holmes declines representation. Discovery and Rule 26(f) conference activities are stayed pending further order

---

[3] The court will enter a separate order providing instructions for the Rule 26(f) conference either after defendant Holmes files his answer or upon counsel's notice stating that further efforts to contact him have been unsuccessful.

of the court, on the terms set forth herein. Finally, the clerk is DIRECTED to amend the docket caption to reflect defendants' full names as set forth in the caption of this order.

SO ORDERED, this the 19th day of January, 2023.

                                                                          LOUISE W. FLANAGAN  
                                                                          United States District Judge